IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSE ROWE,

    Movant,

vs.                              No. CV 19-00922 NF/KHR
                                  No. CR 18-01980 NF

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed by Movant, Jesse Rowe, on September 30, 2019 (CV Doc. 1; CR Doc. 43) ("§ 2255 Motion"). In his § 2255 Motion, Rowe makes one ineffective assistance of counsel argument. (CV Doc. 1 at 5; CR Doc. 43 at 5). Rowe fails to establish eligibility for § 2255 relief on the grounds of ineffective assistance of counsel and the Court dismisses Rowe's § 2255 Motion under Rule 4 of the Rules Governing Section 2255 Proceedings.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Movant, Jesse Rowe was charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). (CR Doc. 1, 21). On June 14, 2018, Rowe consented to proceed before a United States Magistrate Judge and entered into a Plea Agreement. (CR Doc. 22, 24). In consenting to plead before a United States Magistrate Judge, Rowe expressly stated that the nature of the offense and the maximum penalties had been explained to him, and that he had been informed of his rights to assistance of counsel and to go to trial and sentencing before a District Judge, and that he was proceeding knowingly and voluntarily. (CR Doc. 22, 23).

On June 14, 2018 Rowe entered into a Plea Agreement. (CR Doc. 24). The Plea Agreement was signed by both Rowe and his defense counsel. (CR Doc. 24 at 9). In the Plea Agreement, Rowe agreed to plead guilty to the Information charging a violation of 18 U.S.C. § 922(g)(1), that being Felon in Possess of a Firearm and Ammunition. (CR Doc. 24 at 2). Rowe also stated that he understood the court could sentence him to a term of imprisonment of not more than ten years. (CR Doc. 24 at 2). Rowe acknowledged that he had committed the elements of the 922(g)(1) crime in that he knew he possessed a firearm and ammunition and knew he was a felon and had previously been convicted of possession of a firearm or destructive device by a felon. (CR Doc. 24 at 4). Last, Rowe affirmed that the Plea Agreement was made voluntarily, and that he was fully satisfied with his counsel's representation of him. (Doc. 24 at 7). The Plea Agreement stated:

> "By signing this agreement, the defendant admits that there is a factual basis for each element of the crime(s) to which the defendant will plead guilty. The defendant agrees that the Court may rely on any of these facts, as well as facts in the presentence report, to determine the defendant's sentence, including, but not limited to, the advisory guidelines offense level."

(CR Doc. 24 at 4-5, ¶ 9).

The Presentence Report ("PSR") disclosed that Rowe had been convicted of three prior state felonies: (1) a June 1998 Colorado conviction for Burglary; (2) an April 26, 2002 Colorado conviction for Controlled Substance Use; and (3) an August 29, 2003 New Mexico conviction for Possession of a Firearm or Destructive Device by a Felon. (CR Doc. 28 at 4, ¶ 10). The PSR identified a base offense level of 20 under USSG § 2K2.1(a)(4)(B) and calculated a total offense level of 23. (CR Doc. 28 at 5-6). The PSR also established 5 criminal history points, placing him in Category III. (CR Doc.28 at 5-9, ¶¶ 28-39). Last, the PSR noted that the maximum statutory sentence for the charged § 922(g)(1) violation was 10 years and the Sentencing Guidelines provided for a sentencing range of 57-71 months. (CR Doc. 28 at 16, 20).

In Rowe's February 22, 2019 Sentencing Memorandum, his counsel objected to the PSR. (CR Doc. 33). Counsel specifically objected to the offense level calculations in the PSR, arguing that the PSR overstated Rowe's offense level. (Doc. 33 at 2-4, ¶¶ 4-7). Defense counsel contended that the total offense level should be 17, not 23, which counsel claimed would be more in line with defense counsel's prior discussions with the prosecution of an offense level of 14. (CR Doc. 33 at 4). Counsel also objected to paragraphs 28-39, the criminal history section of the PSR. (Doc. 33 at 4-5, ¶¶ 8-12). Counsel also contended that Rowe should be assigned a criminal history category of II rather than III, that the Guidelines sentencing range was 18-24 months and that Rowe should receive a sentence of 18 months. (CR 33 at 5, 8-9).

The Probation Office addressed Rowe's objections in an Addendum filed April 26, 2019. (CR Doc. 38). The Probation Office concluded that "[p]ursuant to the Sentencing Guidelines, the base offense level, as well as the Specific Offense Characteristics were correctly applied in this case. (CR Doc. 38 at 2). The United States also responded to the Sentencing Memorandum arguing that the total offense level and criminal history category in the PSR were correct, but agreeing that a 2-level enhancement should not be imposed for a destructive device, resulting in an offense level of 21 and adjusted sentencing range of 46-57 months. (CR Doc. 39 at 2, 5). Rowe filed a Reply on May 1, 2019, continuing his objections to the total offense calculation and category III criminal history, and requesting a sentence of 27 months. (CR Doc. 40).

On May 2, 2019, the Court accepted the Plea Agreement and sentenced Rowe. (CR Doc. 41, 42). At the sentencing hearing, Rowe's counsel argued against the offense level calculation and the Specific Offense Characteristics enhancement of his sentence and requested a 36-month term of imprisonment. (CR Doc. 41). Judgment was entered on the sentence on May 7, 2019

3

sentencing him to 46 months of imprisonment. (CR Doc. 42). Rowe filed his pro se § 2255 Motion on September 30, 2019. (CV Doc. 1; CR Doc. 43).

Rowe seeks § 2255 relief on the grounds of ineffective assistance of counsel for "failure to investigate defendants background or prior offense's for sentencing." (CV Doc. 1 at 5; CR Doc. 43 at 5). As supporting facts for his claim, Rowe states:

> "The base offense level for 18 U.S.C. 922(g)(1): Felon in possession of a firearm and ammunition, In defendant's presentence investigation report line #16 base offense level of 20 under U.S.S.G. 2K2.1(a)(4)(A)(B). The Criminal History of Defendant's p.s.i. report line #'s 29 through 39, defendant has no prior conviction of either a 'crime of violence' or a 'controlled substance offense'. Which requires a base offense level for 18 U.S.C. 922(g)(1) as level 14 under 2k2.1 (6)."

(CV Doc. 1 at 5; CR Doc. 43 at 5). Rowe argues that his counsel should have made objections and should have argued for a lower base offense level and sentence. (CV Doc. 1 at 15-19; CR Doc. 43 at 15-19). His request for relief asks the Court to vacate his sentence, order a new "P.S.I.", assign an attorney, and resentence him on the correct offense level for 18 U.S.C. 922(g)(1). (CV Doc. 1 at 14; CR Doc. 43 at 14).

## II. ANALYSIS OF MOVANT ROWE'S CLAIMS

### A. Motions Under § 2255 and the Standard for Ineffective Assistance of Counsel:

Rowe seeks collateral review of his sentence under 28 U.S.C. § 2255. Section 2255 provides:

> "A prisoner in custody under a sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

4

28 U.S.C. § 2255(a). Rowe does not contend that the Court was without jurisdiction or that his sentence exceeds the maximum authorized by law. Therefore, under § 2255(a), Rowe must demonstrate that his sentence is "otherwise subject to collateral attack."

Rowe claims ineffective assistance of counsel as the basis for his claim to § 2255 relief. For collateral review, in order to establish a claim of ineffective assistance of counsel, a petitioner must demonstrate: (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the challenger must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688. To establish prejudice, the movant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. The likelihood of a different result must be substantial, not just conceivable. *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

Where the petitioner entered a plea of guilty or no contest, the petitioner must establish that he would not have pled guilty had his attorney performed in a constitutionally adequate manner. *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001). If a plea was intelligently and voluntarily entered on advice of counsel and that advice was within constitutional standards, the plea is deemed valid and there is no basis for federal habeas corpus relief. *Akridge v. Hopper*, 545 F.2d 457, 458 (5th Cir. 1977); *Allen v. Mullin*, 368 F.3d 1220, 1246 (10th Cir. 2004).

### B. Rowe Did Not Receive Ineffective Assistance of Counsel:

Rowe claims that his counsel was ineffective in failing to investigate Rowe's background or prior offenses and failing to object to the base offense level or file objections to the PSR. (CV Doc. 1 at 5, 18; CR Doc. 43 at 5, 18). The Court has reviewed the Motion and the record. Under Rule 8 of the Rules Governing Section 2255 Proceedings, the Court determines that an evidentiary

hearing is not warranted, the record is sufficient and the record fails to establish any claim of ineffective assistance of counsel.

First, the record does not demonstrate that counsel's performance was deficient. Contrary to Rowe's contentions that his counsel failed to investigate his background and prior offenses and failed to object to the calculation of his base offense level and criminal history, the record demonstrates that counsel reviewed and made appropriate objections to the calculations in the PSR. The record reflects that, in his Sentencing Memorandum, Rowe's counsel made objections to the current offense and prior criminal history portions of the PSR. (CR Doc. 33 at 1-5). Counsel argued for a lower base offense level of at least 17, and a lower guideline range of 18-24 months. (CR Doc. 33 at 8-9). Counsel continued to object and argue for lower offense, criminal history category, and guideline range levels both in Rowe's Reply to the USA's response to Rowe's Sentencing Memorandum (CR Doc. 40 at 7-9) and at the sentencing hearing (CR Doc. 41). The record does not show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. at 688.

Further, even if counsel's performance was deficient, the record does not show that the deficient performance prejudiced the defense. To the contrary, counsel's objections resulted in a two-level downward adjustment of the offense level from 23 to 21. (CR Doc. 28 at 6; Doc. 39 at 1-2). Counsel's arguments also resulted in a reduction in the guideline sentencing range from 57-71 months to 46-57 months. (CR Doc. 28 at 20; Doc. 39 at 2). The Court ultimately adopted the lower sentencing range and sentenced Rowe to the 46-month bottom of the range. (CR Doc. 42). Rowe was clearly benefitted, rather than prejudiced, by his attorney's objections and arguments. *Strickland v. Washington,* 466 U.S. at 687.

In his Motion, Rowe relies on *United States v. Horey*, 333 F.3d 1185, 1188 (10th Cir. 2003) and *United States v. Lozado*, 2019 WL 1979933 (10th Cir. 2019). The issue presented in the *Horey* case was whether a crime qualified as a prior controlled substance offense for purposes of USSG §§ 2K2.1(a)(4)(A) and 4B1.2. *Horey*, 333 F.3d at 1186-87. The defendant in *Lozado* challenged the definition of "crime of violence" for enhancement of his sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *Lozado*, 2019 WL 1979933 at *1-*3. Rowe was not sentenced under § 4B1.2 or § 924(e). Rowe's base offense level was established under USSG § 2K2.1(a)(4)(B), rather than under USSG 2K2.1(a)(4)(A). The §§ 2K2.1(a)(4)(A) and 4(B)1.2 definitions of "crime of violence" and "controlled substance offense" at issue in *Horey* have no application to calculation of Rowe's base offense level under § 2K2.1(a)(4)(B). Similarly, there is nothing in the record to suggest that Rowe was sentenced as an armed career criminal under the provisions of § 924(e) at issue in *Lozado*. *Horey* and *Lozado* have no application to Rowe's case.

Movant Rowe fails to demonstrate: (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. at 687. Rowe does not claim that he would not have pled guilty had his attorney performed in a different manner. *Miller v. Champion*, 262 F.3d at 1072. The record demonstrates that Rowe's plea was intelligently and voluntarily entered on advice of counsel and that advice was within constitutional standards and his plea is deemed valid. *Akridge v. Hopper*, 545 F.2d at 458. The Court record further establishes that, following entry of the Plea Agreement, Rowe's counsel reviewed the PSR, made timely objections to the portions of the PSR that Rowe now challenges, and achieved a beneficial reduction in the offense level and sentencing range. (CR Doc. 33, 40, 41).

Movant Rowe does not show how the result of the proceeding would have been different had counsel made additional objections to the PSR's calculation of his offense level or criminal history. *Harrington v. Richter,* 562 U.S. at 112. Rowe's counsel argued, and the Court considered the arguments, for a lower base and total offense level and a lesser sentence. (CR Doc. 28, 33, 40, 41, 42). Rowe's argument that, had his counsel made other objections, the Court might have adopted a different offense level calculation fails to establish a substantial likelihood of a different result. *Harrington v. Richter,* 562 U.S. at 112. The record does not show that counsel's representation fell below an objective standard of reasonableness and there is no basis for § 2255 relief. *Allen v. Mullin,* 368 F.3d at 1246.

## CONCLUSION

Movant Rowe fails to show that he received ineffective assistance in violation of his Fifth Amendment right to counsel. *Strickland v. Washington,* 466 U.S. at 687. The Court will dismiss his § 2255 claims under Rule 4(b) of the Rules Governing Section 2255 Proceedings. The Court also determines that, under Rule 11(a) of the Rules Governing Section 2255 Proceedings, Rowe has failed to make a substantial showing that he has been denied a constitutional right. The Court will deny a Certificate of Appealability.

**IT IS ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody filed by Movant, Jesse Rowe (CV Doc. 1; CR Doc. 43) is **DISMISSED**, a Certificate of Appealability is **DENIED** under Rule 11 of the Rules Governing Section 2255 Proceedings, and Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE